287 So.2d 285 (1973)
THE FLORIDA BAR, Complainant-Petitioner,
v.
M.C. SCOFIELD, Respondent.
No. 44521.
Supreme Court of Florida.
December 14, 1973.
*286 Walter S. McLin, III, Leesburg, and Norman A. Faulkner, Tallahassee, for complainant-petitioner.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against M.C. Scofield is presently before us on petition filed by The Florida Bar for temporary placement of Scofield on the list of inactive attorneys, as provided under Rule 11.01(4), 32 F.S.A. until such time as a final order may be issued in this cause.
The Florida Bar filed a complaint against Scofield on February 15, 1973, alleging that Scofield, 77 years of age, a member of The Florida Bar, appeared in an intoxicated manner before The Honorable John Booth, Circuit Judge of the Fifth Judicial Circuit, on September 6, 1972, and that Scofield has violated his oath as an attorney, has violated Rule 11.02 of Article XI, Integration Rule, and has further demonstrated his incapacity to practice law under Rule 11.01(4), Integration Rule, which rule provides:
"Whenever an attorney who has not been adjudged incompetent is incapable of practicing law because of physical or mental illness, incapacity or other infirmity, he may be placed upon an inactive list and shall refrain from the practice of law for such reason even though no misconduct on his part is alleged or proved. Proceedings with a view of placing an attorney on the inactive list or reinstatement following such action under this section, as well as resignations for reasons stated in this section shall be processed under Article XI in the same manner as proceedings involving acts of misconduct."
Hearing was held on this matter on August 30, 1973, before the referee who after considering all the pleadings, exhibits, and evidence, found:
"The respondent, on September 6, 1972, appeared in open court before the HONORABLE JOHN W. BOOTH, Circuit Judge of the Fifth Judicial Circuit, at Inverness, Florida in an intoxicated manner and was in fact intoxicated at that time."
The referee recommended:
"... [t]hat the respondent be found guilty as charged in the complaint and specifically that he be found guilty of violations of his oath as an attorney, of Article XI, Rule 11.02(4) of the Integration Rule and of Disciplinary Rule 1-102(A)(6) of the Code of Professional Responsibility [32 F.S.A.]. In addition I recommend that he be found to be incapable of practicing law as provided in Rule 11.01(4) of the Integration Rule.
* * * * * *
"a) I recommend that the respondent be placed upon the inactive list due to his incapacity to practice law and that he be prohibited from practicing law in the future. In my opinion the item of misconduct alleged and proven was to a large extent involuntary on the part of the respondent.
"b) If the foregoing recommendation is not accepted then I recommend that the respondent be suspended from the practice of law for a period of four months."
*287 Relative to Respondent's personal history and past disciplinary measures, the Referee stated:
"The respondent did not testify; however, I have been acquainted with him for a number of years and am aware that he was born in 1895 and was admitted to the Bar in 1916. I observed him during the hearing and found him to be quite infirm and almost senile. To my knowledge he has no record of any past disciplinary measures. These factors were considered by me in arriving at the foregoing recommendations."
Pursuant to Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the Referee's report and the record of the proceedings were duly filed with this Court on October 19, 1973. As of this time, no Petition for Review by this Court pursuant to Rule 11.09, Integration Rule, has been filed. However, subsection (3)(a) of this rule provides that proceedings shall be commenced within sixty days after the filing of the Referee's report with this Court.
Since thirty days still remain for the filing of a Petition for Review of the Referee's report by Scofield, and because The Florida Bar has received a letter from Judge Booth with a transcript of proceedings attached which indicate the urgency of placing Scofield on the inactive list of attorneys, The Florida Bar has filed the instant Petition for Extraordinary Temporary Placement on the List of Inactive Attorneys until such time as a final order may be issued after the routine processing of the Referee's report in this cause.
The letter from Judge Booth and transcript of proceedings in support thereof, received by The Florida Bar reflecting substantial additional matter, stated in pertinent part, as follows:
"It is my understanding that the above proceeding is now resting with the Supreme Court but I would like to bring to your attention the following circumstances surrounding Mr. Scofield since the date of the incident which is the subject matter of the above proceeding.
"Some year or so ago Mr. Scofield withdrew certain Certificates of Deposit held in his safety deposit box with the Bank of Inverness and obtained a loan from that bank using same as security. Apparently before obtaining the loan he made copies of the C.D.s and some two or three months ago attempted to cash such C.D.s with the Bank of Inverness. This obvious deception was of course caught by the bank but quite a disturbance was created by Mr. Scofield when the officials of the bank refused to cash these C.D.s.
"Sometime in June of this year Willie J. Collins and his wife, Mamie Lee Collins, went in to see Mr. Scofield about representing their daughter, Joyce Ann Collins, in a maternity proceeding against one Robert Williams. He accepted a retainer of $35.00 and there were several conferences between them thereafter. Mr. Scofield apparently wrote a letter to Robert Williams but mailed it to the parents, Willie and Mamie Collins rather than to Robert Williams, same being enclosed. On all conferences after the first, Mr. Scofield denied ever having received any retainer from the Collins or knowing them or having seen them before. On the last conference when Mamie Lee Collins went to see Mr. Scofield, he again denied ever having seen her or accepting any retainer and pulled a pistol on her. At my direction, testimony was taken by W.T. Green, Assistant State Attorney, before our Court Reporter of the Collins and the original hereof is also enclosed.
"These are just a few of the many acts on the part of Mr. Scofield which are extremely disturbing to me as Chief Judge of this Circuit and are detrimental to the bar of this circuit and the State. Circuit Judge L.R. Huffstetler, Jr. of Inverness who handles Probate, Juvenile and Domestic Relations cases for that County has had considerable difficulty *288 with him since he assumed office in January of this year. Mr. Scofield, of course, has not appeared before me since my Order of September 8, 1972 enjoining him from so doing.
"I sincerely feel that it would be in the best interest of Mr. Scofield and all concerned that his license be forthwith temporarily suspended until the Supreme Court makes its decision in the above case."
In view of the foregoing, the respondent, M.C. Scofield, is hereby temporarily placed on the list of inactive attorneys until a full review can be had of the matter after which a final judgment in accordance with the exigencies of the situation and justice of the cause will be entered by this Court. This order of temporary suspension shall become effective upon delivery of a certified copy of the same to respondent, M.C. Scofield.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS and BOYD, JJ., concur.